UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 15-3434-GW(GJSx) | | Date | July 22, 2015 |
|---|---|---|---|---|
| Title | *Filiberto Martinez v. Darden Restaurants, Inc,. et al.* | | Page | 1 of 4 |

Present: The Honorable   **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: (IN CHAMBERS) – FINAL RULING ON MOTION TO REMAND [13]**

Filiberto Martinez ("Plaintiff") originally filed this action in state court in California on March 2, 2015, but Defendants[1] removed it to this Court on May 7, 2015, asserting diversity jurisdiction under the Class Action Fairness Act ("CAFA"). *See generally* Notice of Removal, Docket No. 1. Now pending before the Court is Plaintiff's Motion for Remand. *See* Mot. for Remand ("Mot.") at 2:3-11, Docket No. 13. Plaintiff alleges that CAFA's "local controversy" exception applies to this action and mandates remand. *Id.* Defendants contend that the local controversy exception does not apply because (1) YH LLC's alleged conduct does not form a significant basis of relief and significant relief cannot be sought against YH LLC, and (2) there is a similar class action pending against Defendants, *i.e. Sommer v. Darden Restaurant*, Superior Court County of Orange, Case No. 30-2014-00720139-CU-OE-CXC. *See* Opp'n to Mot. ("Opp'n") at 4:3-12, Docket No. 17. At the hearing on July 6, 2015, the Court requested a joint supplemental brief addressing issues related to the local controversy exception, particularly regarding whether the *Sommer* action currently pending in state court precludes the application of the exception, thereby requiring that this Court maintain jurisdiction and deny Plaintiff's Motion to Remand.

**II. Discussion**

The local controversy exception requires that "during the 3-year period preceding the

---

[1] "Defendants" are Darden Restaurants, Inc. ("Darden"); GMRI, Inc. ("GMRI"); Yard House USA, Inc. ("YH USA"); and Yard House Northridge, LLC ("YH LLC").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-3434-GW(GJSx)** | Date | July 22, 2015 |
|---|---|---|---|

| Title | ***Filiberto Martinez v. Darden Restaurants, Inc,. et al.*** | Page | 2 of 4 |
|---|---|---|---|

filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A)(ii). The parties have indicated that *Sommer* was filed within this three-year period, on April 29, 2014, in the Orange County Superior Court. *See* Joint Supp'l Br. ("Supp'l Br.") at 1:9-12, Docket No. 20. As such, the only outstanding issue with respect to this prong of the local controversy exception is whether *Sommer*, which is pending in state court, was a "class action" within the meaning of 28 U.S.C. § 1332(d)(4)(A)(ii). As explained by the Third Circuit:

> CAFA does not define what constitutes an "other class action" other than to limit it to filed cases asserting similar factual allegations against a defendant. The goals of the statute, however, provide guidance. In enacting CAFA, Congress recognized the benefits of having one federal forum to adjudicate multiple cases filed in various courts against a defendant.

*Vodenichar v. Halcon Energy Props., Inc.*, 733 F.3d 497, 508 (3d Cir. 2013). The Court previously indicated that if *Sommer* is proceeding in state court, then there appears little justification to maintain jurisdiction over the present action in this Court because doing so would not provide "one federal forum" to adjudicate the various cases. *See* Tentative Ruling at 9, Docket No. 19 (citing *King v. Mueller*, No. 3:14-1641, 2015 WL 1345174, at *3 (M.D. Pa. Mar. 25, 2015) (indicating that two similar putative class actions filed in state court, one of which was removed to federal court, were "not multiple class actions as contemplate[d] by Congress" and that "[t]o deny the remand . . . would be to directly frustrate the purpose of [the local controversy] exception")).

In the Joint Supplemental Brief, Plaintiff essentially concurs with the Court's initial thoughts as set forth in its Tentative Ruling, citing to *Vodenichar* and *King* for the proposition that denying remand would frustrate the purpose of the local controversy exception. *See* Supp'l Br. at 5:15-7:5. Although the reasoning of these cases is persuasive, neither is binding on this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-3434-GW(GJSx)** | Date | July 22, 2015 |
|---|---|---|---|

| Title | *Filiberto Martinez v. Darden Restaurants, Inc,. et al.* | Page | 3 of 4 |
|---|---|---|---|

Court.

Moreover, Defendants contend that while the Third Circuit in *Vodenichar* found that another class action was not an "other class action" for CAFA purposes, the factual circumstances in that case were different and do not compel a finding that *Sommer* is not an "other class action." *See id.* at 9:10-10:6. There, a putative class action was filed in district court pursuant to diversity jurisdiction, but voluntarily dismissed and re-filed in state court with additional non-diverse defendants. *See Vodenichar*, 733 F.3d at 509. The second complaint was nearly identical but for the newly added defendants. *See id.* The defendants then removed the action to district court, and the plaintiffs sought remand. *See id.* at 502. The court concluded that because the second action was essentially a continuation of the first, the first action was not an "other class action" and the local controversy exception did not apply. *See id.* at 509-10. Here, on the other hand, the *Martinez* and *Sommer* actions are two distinct actions with no relation to each other apart from the fact that the plaintiffs and factual allegations are similar.

In addition, Defendants note that 28 U.S.C. § 1332(d)(1)(B) defines a class action as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *See* Supp'l Br. at 10:7-14. *Sommer* involves "<u>both</u> a collective Fair Labor Standards Act claim pursuant to Rule 23 and state law class claims under the Labor Code pursuant to Code of Civil Procedure section 382." *See id.* at 10:15-21 (emphasis in original). As such, it falls within the definition of a "class action" provided by 28 U.S.C. § 1332(d)(1)(B).

Lastly, Defendants direct the Court to *Flores v. CVS Pharmacy, Inc.*, No. CV-07-5326-FMC (Ex) (C.D. Cal. Apr. 22, 2009), filed as Docket No. 20-2 in this action. In *Flores*, the court found that a previously filed state court action alleging similar claims against one of the defendants within the prior three-year period precluded the application of the local controversy exception. *See* Docket No. 20-2 at 8:7-10:10.

The Court has considered the parties' various arguments and concludes *Sommer* is an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 15-3434-GW(GJSx) | Date | July 22, 2015 |
| Title | *Filiberto Martinez v. Darden Restaurants, Inc,. et al.* | Page | 4 of 4 |

"other class action" within the meaning of 28 U.S.C. § 1332(d)(4)(A)(ii). Thus, Plaintiff has not satisfied its burden to prove that the local controversy exception applies. *See Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 881 (9th Cir. 2013) ("Plaintiff . . . , as the party seeking remand to state court, bears the burden of proving that the [local controversy] exception applies.").

### III. Conclusion

The Court would DENY Plaintiff's Motion to Remand because the *Sommer* action precludes the application of the local controversy exception, and for the other reasons stated in the Court's Tentative Ruling, *see* Docket No. 19. Defendant's Motion to Compel Arbitration is hereby set for hearing on Monday, August 10, 2015 at 8:30 a.m.